**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**JOHN KENNEY,**

      **Petitioner,**

**vs.**

                                    **CASE NO. 5:05cv179-RS/WCS**

**JOSE BARRON, Warden,
FCI Marianna, Florida,**

      **Respondent.**

                                       /

## REPORT AND RECOMMENDATION

This is a petition for writ of habeas corpus filed by John Kenney pursuant to 28

U.S.C. § 2241.  Doc. 1.  Petitioner challenges disciplinary report number 1220131 dated

May 19, 2004, imposed while he was serving a federal sentence in the custody of the

Bureau of Prisons.  As a result of this disciplinary action, Petitioner served 20 days in

segregated confinement and lost 27 days of good time.  Petitioner contends that he was

denied due process because he was not permitted to view documents generated during

the investigation preceding his disciplinary hearing, and because the disciplinary

hearing officer (DHO) credited the testimony of witnesses other than himself.  Petitioner

also contends that he was denied due process during the grievance process because he was not allowed to present new evidence on appeal.  He seeks to have the disciplinary action expunged and the good time restored.  Respondent filed an answer, conceding that Petitioner has exhausted his administrative remedies and addressing the merits of the claims.  Doc. 5.  Petitioner filed a traverse.  Doc. 6.

**The disciplinary record**

The disciplinary report of the DHO and a number of other documents are attached to the petition.  The initial investigation is dated May 11, 2004.  Doc. 1, ex. 1; doc. 1, p. 10.[1]  Petitioner said that another inmate had pushed him in the face with both hands, breaking his glasses and "poking" him in the eye.  *Id.*  Petitioner said that he walked to the rear corridor because he did not want to fight, but the other prisoner followed him.  Petitioner said they began to argue, and the other inmate came toward him.  Petitioner said he kicked the other prisoner in the leg to defend himself.  Petitioner was found to be cooperative and he received a copy of the report.  *Id.*  The investigator concluded that "the altercation was initiated by [the other inmate] and that inmate Kenney kicked [the other inmate] in defense."  *Id.*

The investigatory report is followed by a memorandum from M. Rodgers dated May 10, 2004.  *Id.*, ex. 2; doc. 1, p. 11.  This memorandum proved to be the pivotal evidence against Petitioner.  Rodgers said that she[2] observed Petitioner and the other inmate on a television monitor in the corridor having a "verbal altercation."  *Id.*  Rodgers

---

[1] The second reference is to the pagination on the electronic docket.

[2] The gender of this witness is indicated in the DHO's decision.

said that she saw Petitioner close the corridor gate and walk back in front of the other inmate and then kick the other inmate in the left leg.  *Id.*  There is a memorandum from a Lieutenant Bamman, who noticed that Petitioner's sunglasses were broken.  *Id.*, ex. 3; doc. 1, p. 12.  Petitioner had moderate injuries to his face and eye as noted on a medical report.  *Id.*, ex. 4; doc. 1, p. 13.

An incident report dated May 10, 2004, concluded that both inmates closed the gate leading to the corridor, and then Petitioner kicked the other inmate, Alvaro Jose Ramirez.  *Id.*, ex. 5; doc. 1, p. 14.  This was seen by a staff member as it happened on the security video.  *Id.*  Petitioner said he kicked Ramirez because he (Petitioner) could not see out of his left eye, and Ramirez followed him and attacked him.  *Id.*  The incident was referred to the DHO because Petitioner admitted he kicked Ramirez and it was believed that the incident was serious.  *Id.*

Petitioner gave a statement to the DHO.  *Id.*, Ex. 6; doc. 1, p. 15.  He said that Ramirez struck him with both open hands, hitting his glasses and eyes, and he said the attack was unprovoked.  *Id.*  He said he left, not wanting to fight, but Ramirez followed and closed the corridor door, the only exit.  *Id.*  Petitioner said Ramirez threatened him in Spanish, charged at Petitioner with his hand balled up, and Petitioner said he kicked Ramirez's shin in defense.  *Id.*

The report of the DHO found that Petitioner had been given advanced written notice of the charge, that is, the incident report dated May 11, 2004.  *Id.*, ex. 6; doc. 1, p. 16.  The hearing was held on May 19, 2004.  *Id.*

The DHO called several witnesses.  *Id.*  The witnesses confirmed that Ramirez had hit Petitioner first outside the commissary.  *Id.*  Albert Parson said that "they left and

went to the corridor and locked the door."  *Id.*  The memorandum discussed above from

M. Rodgers was considered by the DHO.  *Id.*, ex. 6; doc. 1, p. 17.  The DHO determined

that:

> You [Petitioner] were in the corridor when inmate Ramirez-Alvaro, Jose
> entered and the verbal altercation continued.  The two of you proceeded
> to close the gate leading into the corridor and you kicked inmate Ramirez.

*Id.*  It was noted that Ramirez struck Petitioner in the face first, and that Petitioner

asserted that he acted in self defense.  *Id.*  The DHO determined that the kick was not

in self-defense, explaining:

> The DHO gave the greater weight to the reporting staff member that she
> observed you kick inmate Ramirez than to your denial.  You admitted
> kicking him to the DHO.  The staff member is under a legal obligation to
> be truthful, while on the other hand, it would be to your benefit to deny the
> offense.

 *Id.*, ex. 6; doc. 1, p. 18.  The DHO determined to impose a loss of 27 days of good time

and 20 days of disciplinary segregation because "in the past, fights between two

individuals have expanded to include others which created a larger problem for staff to

resolve."  *Id.*

**Legal analysis**

Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) held

that because Nebraska statutes created a liberty interest in the retention of good time

credits, deprivation of good time for disciplinary infractions in a state prison required

minimal due process, which was defined as requiring written notice of the claimed

violation at least 24 hours in advance of a hearing, an opportunity to call witnesses and

present documentary evidence if not "unduly hazardous to institutional safety or

correctional goals," assistance from a fellow inmate or staff where the complexity of the

issue makes it unlikely that the inmate will be able to collect and present necessary

evidence, a degree of impartiality of the hearing committee, and a written statement of

the factfinders as to the evidence relied upon and the reasons for their action.  418 U.S.

at 564-71, 94 S.Ct. at 2978-82.  Due process, however, does not provide a right to

cross examine witnesses.  418 U.S. at 568, 94 S.Ct. at 2980.

All of these due process rights were provided to Petitioner.  Petitioner did not

have a due process right to receive copies of reports or documents before those were

considered by the DHO.

Petitioner's second due process claim is that the evidence showed that he acted

in self defense.  Minimal procedural due process in this context does have a sufficiency

of the evidence component.  Minimum procedural due process requires that "the

findings of the prison disciplinary board are supported by some evidence in the record."

Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445,

454, 105 S.Ct. 2768, 2773, 86 L.Ed.2d 356 (1985).

> [T]he requirements of due process are satisfied if some evidence supports
> the decision by the prison disciplinary board to revoke good time credits.
> This standard is met if 'there was *some evidence from which the
> conclusion of the administrative tribunal could be deduced. . . .*"  United
> States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S.[103], at
> 106, 47 S.Ct. [302], at 304 [(1927)].  Ascertaining whether this standard is
> satisfied does not require examination of the entire record, independent
> assessment of the credibility of witnesses, or weighing of the evidence.
> Instead, the relevant question is whether there is *any* evidence in the
> record that *could* support the conclusion reached by the disciplinary board.

472 U.S. at 455-56, 105 S.Ct. at 2774 (emphasis added).

Minimal due process was satisfied here.  Rodgers said that she saw Petitioner

enter the corridor, walk in front of inmate Ramirez, and kick him in the left leg.  She did

not say that she saw Ramirez attack Petitioner before Petitioner kicked Ramirez.  While investigator Bramman concluded that Petitioner acted in self defense, he was not an eye witness.  Rodgers was an eye witness since she saw the incident on the closed circuit television monitor.  There was some evidence to support the conclusion of the disciplinary hearing officer, and that is enough to satisfy due process.

Petitioner's final due process claim is that during the grievance process, he was not permitted to bring new evidence to the attention of prison officials.[3]  Exhaustion of administrative remedies is, of course, a condition precedent to bringing a federal habeas claim to this court.  But denial of due process in the course of trying to exhaust remedies is not a cognizable federal claim.  *Cf.* Trevino v. Johnson, 168 F.3d 173, 180 (5th Cir. ), *cert. denied*, 527 U.S. 1056 (1999) (claim of error or denial of due process in state habeas corpus proceeding did not constitute an independent grounds for federal habeas corpus relief) (citing cases from the Fourth, Fifth, Sixth, Eighth and Ninth Circuits).  Further, Respondent concedes that Petitioner exhausted his administrative remedies.

Minimal due process as enunciated in Wolff and Hill applies only to the disciplinary hearing itself.  Petitioner has not cited any case finding a right to due process in such administrative appeals as the Bureau may allow, and other courts, although in unpublished decisions of little precedential value, have declined to find such a due process right.  Lowe v. Sockey, 36 Fed.Appx. 353, 360 (10th Cir. 2002) (unpublished); Russell v. Sandahl, 989 F.2d 502 (7th Cir. 1993) (unpublished); Christian

---

[3] The new evidence was "documentation, regarding conflicting statements made by the investigating Lt. Smith" on the incident report.  Doc. 1, ex. 17; doc. 1, p. 32.

v. Gluch, 918 F.2d 957 (6th Cir. 1990) (unpublished).  At least one circuit has held that if

due process was not violated at the hearing level, then due process cannot be denied

on administrative appeal.  Lathan v. Garcia, 132 F.3d 39 (9th Cir. 1997) (unpublished).

Further, with respect to civil rights actions it has been uniformly held that the mere

existence of a prison grievance procedure confers no liberty interest entitled to due

process protection.  Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001); Adams v.

Rice, 40 F.3d 72, 75 (4th Cir. 1994), *cert. denied*, 514 U.S. 1022 (1995); Mann v.

Adams, 855 F.2d 639, 640 (9th Cir.), *cert. denied*, 488 U.S. 898 (1988); Ouzts v.

Cummins, 825 F. 2d 1276 (8th Cir. 1987); Buckley v. Barlow, 997 F.2d 494, 495 (8th

Cir. 1993).  Thus, this third claim affords no relief.

**Conclusion**

Accordingly, it is **RECOMMENDED** that this 28 U.S.C. § 2241 petition for writ of

habeas corpus filed by John Kenney challenging disciplinary report 1220131 be

**DENIED WITH PREJUDICE**.

**IN CHAMBERS** at Tallahassee, Florida, on November 27, 2006.


s/     **William C. Sherrill, Jr.**
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**